MOORE *v.* CAMPBELL.

Opinion delivered April 6, 1908.

MUNICIPAL ORDINANCE—DRUMMING ON DEPOT PLATFORM.—In a city ordinance prohibiting persons from drumming business or patronage for any hotel "on the trains, cars or depots of any railroad," the word "depot" is intended to include, not only the depot building, but also the platforms and grounds connected therewith and used by the company for its business purposes with the public at the depot.

Appeal from Garland Chancery Court; *Alphonso Curl,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

· On the 16th day of June, 1907, appellant presented his petition for writ of habeas corpus to the chancellor of the Garland Chancery Court, therein alleging substantially the following facts:

That appellant was at that date, and had been, engaged in the hotel business in the city of Hot Springs for five years prior thereto, and had paid the required license to engage in said business. That on the 11th day of June, 1907, while appellant was soliciting boarders in his own behalf, he was wrongfully and in violation of the Constitution and laws of the State of Arkansas, arrested without a warrant by a policeman of the city of Hot Springs, and was compelled to go to the city prison. That afterwards, and on the following day, appellant was unlawfully and wrongfully charged with, and arraigned in the police court of said city upon, the charge of "drumming on platform of railroad station." That police court found appellant guilty of the above charge, and assessed a fine of $50. That the police judge issued and delivered to the chief of police, the appellee herein,

a commitment by reason of which appellant was restrained of his liberty, contrary to the Constitution and laws of the State of Arkansas:

"Because any law of the State of Arkansas, or ordinance of the city of Hot Springs, attempting to deprive your petitioner of the results of his legitimate business is void and unconstitutional.

"Because any ordinance of the city of Hot Springs authorizing the police judge to issue the commitment herein complained of is a nullity.

"Because any such law of the State and ordinance of said city, herein referred to, is oppressive upon individuals engaging in the hotel business, and is for this reason absolutely void."

The commitment referred to and made a part of appellant's petition, and the only authority appellee had for restraining appellant of his liberty, is in the following words and figures, towit:

"Commitment Police Court, No. 1327."

"City of Hot Springs, Plaintiff,

             *v.*                    Commitment.

Alva Moore, Defendant.

"To the Chief of Police of the City of Hot Springs, or Sheriff of Garland County, Arkansas:

"I send you herewith the body of Alva Moore, who has been tried before me on the charge of 'drumming on the platform of railroad station,' and you are hereby commanded to receive the prisoner into the city prison or jail and custody for the period of fifty days, and that he be committed to work upon the streets or public works of the city, that being one day for every one dollar of said fine and costs, in pursuance of the judgment of this court, and make due return for this writ.

"Given under my hand and the seal of the police court this 12th day of June, 1907.

"Thurston P. Farmer, Police Judge."

[Court Seal.]

A writ of habeas corpus was duly issued and served. The appellee filed a response to the petition, in which he avers that he holds the prisoner by virtue of the commitment set up in

the petition, and alleges that the petitioner was arrested on view
by a police officer of the city of Hot Springs on a charge of
drumming or soliciting business for petitioner's hotel on the
platform of the railroad station in the city of Hot Springs, on
the 11th day of June, 1907, in violation of an ordinance of the
city council of Hot Springs passed June 1, 1907, prohibiting
drumming, soliciting patronage for hotels on railroads, depots,
etc., of the city. A copy of the ordinance is filed with the re-
sponse. The response further alleges that the petitioner was
arraigned in the police court of Hot Springs, entered a plea of
not guilty, was tried, found guilty, and fined $50, which he re-
fused and failed to pay. Thereupon the commitment was is-
sued by virtue of which the respondent holds the petitioner.
The decree of the chancery court shows that the cause was
heard on the petition and exhibits thereto, the writ of habeas
corpus, the response of appellee, who was the chief of police,
and the exhibits thereto, the ordinance of the city of Hot Springs
for the suppression of drumming and soliciting upon railroad
trains, cars, depots of any railroad or common carrier operating
in the city limits, etc. The court thereupon found the issues
of fact and law for the respondent (appellee), and dismissed
the petition, quashed the writ, and remanded the petitioner into
the custody of the respondent. The petitioner (appellant)
prosecutes this appeal.

Appellant, *pro se.*

1. The act, and the city ordinance based thereon, are in
violation of the State and Federal constitutions, and therefore
void. Art. 2, § 18, Const. 1874; 14th Amendment; 64 Ark.
425; 98 N. Y. 110; 75 Ark. 542; 34 Ark. 553; 177 U. S. 183;
198 U. S. 46.

2. The commitment is void, not running in the name of
the State, and charging no offense. 5 Ark. 105; 45 Ark. 128.

C. *Floyd Huff,* for appellee.

1. The act is valid, and the city had authority to pass the
ordinance. Kirby's Digest, § 5460; 53 Ark. 368.

2. The act includes depots. When the warrant and com-
mitment charge the appellant with "drumming on platform of
railroad stations," an offense is sufficiently charged under the

act. A depot includes the entire grounds used by a railroad company for its business purposes with the public at that station. 24 O. St. 219; 17 S. W. 521; 32 N. E. 817; 133 Ind. 69; 18 L. R. A. 502.

WOOD, J., (after stating the facts.) This court, in the recent case of *Williams* v. *State, ante* p. 465, held that the statute under which the ordinance was passed under which the appellant was convicted was valid. That case rules this so far as the validity of the ordinance is concerned.

The petition and response thereto, with the exhibits including the commitment, show that appellant was a hotel keeper, and was convicted and committed for the crime of drumming or soliciting patrons for his hotel "on the platform of the railroad station in the city of Hot Springs." It is contended that "drumming on the platform of railroad stations" is not an offense prohibited by the ordinance which prevents drumming or soliciting, etc., on trains, "depots," etc. But the word "depot," used in the ordinance, is broad enough and was intended to include, not only the depot building, but the platforms and grounds connected therewith and used by the company for its business purposes with the public at the depot or station. *Pittsburg, Ft. W. & C. Ry. Co.* v. *Rose,* 24 Ohio St. 219; *Galveston, H. & S. A. Ry. Co.* v. *Thornsberry,* 17 S. W. 521-523. See also *State* v. *Ind. & I. S. Rd. Co.,* 32 N. E. 817, 133 Ind. 69, 18 L. R. A. 562.

The commitment was sufficient to authorize the holding of appellant, and was susceptible of amendment on the facts shown to correspond with the proof as to crime for which appellant was convicted.

The decree is affirmed.